SAMUEL S. HALSTED, APPELLANT, v. WILLIAM SHACKELTON, APPELLEE.

FILED MARCH 13, 1915. No. 18005.

Trial: DIRECTION OF VERDICT. Where the evidence offered by plaintiff in an action at law is insufficient to sustain the cause of action set out in his petition, it is not error for the court to end the trial by directing a verdict for the defendant.

APPEAL from the district court for Sheridan county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Allen G. Fisher,* for appellant.

*Albert W. Crites, contra.*

FAWCETT, J.

Action in the district court for Sheridan county to recover upon an oral contract for the sale of an undivided one-half interest in a twenty-horse power gasoline engine and a number of smaller articles in the way of appliances to be used in connection therewith.

The answer alleged that the property was in fact purchased by the defendant jointly with the plaintiff upon a written order signed by them and sent to the Harvester Company, which was the real seller of the same; that when plaintiff received the engine he delivered it to one Snodgrass, without the knowledge or consent of the defendant; that defendant in joining in the purchase of the engine relied upon warranties made by the plaintiff and printed upon the written order; that the engine did not in any respect comply with the warranties; that plaintiff, after repeated attempts to do so, was unable to put the engine in condition so that it would do the work for which it was sold and in accordance with the warranties under which the sale was made. The reply was a general denial.

Upon the trial to the court and a jury, when plaintiff had completed the giving of his testimony, defendant moved for a directed verdict, on the ground that the testimony of plaintiff shows that the purchase and operation of the engine was a joint transaction between himself and one Snodgrass, amounting to a joint liability and a joint adventure, the accounts whereof had not been determined, and that no action at law could be maintained by plaintiff "at the present time for any recovery on account of the machine in question." Thereupon the court asked counsel for plaintiff if he had any other or different evidence than that already given to establish the case between plaintiff and defendant as alleged in his petition, to which counsel for plaintiff replied: "We have no different evidence. We have some admissions of the defendant, but they would not change the effect of defendant's exhibit A." Thereupon the court sustained the motion and di-

rected a verdict for defendant, upon which judgment was entered. Plaintiff appeals.

The evidence of plaintiff himself shows that the engine was purchased from the Harvester Company on an order signed by himself and Snodgrass, at a time when defendant was not present. Subsequently, and after this order had been sent to the Harvester Company, defendant joined in the order, by signing a copy of the same, prepared by plaintiff. When the engine arrived it was delivered by plaintiff to Snodgrass, and there is no escape from the evidence that thereafter Snodgrass and defendant used and operated it, with its accessories, as a copartnership. The books of plaintiff show that purchases made of gasoline and repairs for the engine were sometimes charged by him to Snodgrass, and sometimes to "Snodgrass and Shackelton." He was asked: "Q. Now, if Mr. Shackelton sent for it (oil), why did you charge it to Snodgrass? A. Because they were considered a firm. Q. Snodgrass wasn't a firm was he? A. He was one of them."

It would serve no good purpose to review in detail the testimony given by plaintiff. Taken as a whole, and in connection with his own books of account, it fails to establish any right of recovery by plaintiff against the defendant individually. The district court did right therefore in directing the verdict.

AFFIRMED.

MORRISSEY, C. J., ROSE and HAMER, JJ., not sitting.